UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

RAJVINDER SINGH,

      Petitioner,

v.

DALLAS FIELD OFFICE DIRECTOR,
et al.,

      Respondents.

No. 1:26-CV-049-H

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Rajvinder Singh, a native and citizen of India, is one such alien, having illegally entered the United States three years ago. His amended habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the text of the INA and the Fifth Amendment's Due Process Clause. Dkt. No. 6.

In light of *Buenrostro-Mendez*, Singh's due process claim is the only remaining non-foreclosed issue. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Singh are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. Therefore, the amended petition (Dkt. No. 6) is denied.

## 1.    Background

In 2023, Singh illegally crossed into the United States near Lukeville, Arizona. Dkt. No. 11 at 2. He was quickly discovered by border-patrol agents and arrested. *Id.* Amidst a wave of illegal entries across the Texas border and a resulting lack of space to hold detainees, ICE released Singh into the United States. *Id.* at 3. Singh was soon placed into removal proceedings with a Notice to Appear. *Id.* The NTA charged him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 12 at 22; *see* 8 U.S.C. § 1182(a)(6)(A)(i). While on release, Singh moved to New York, where he obtained a commercial driver's license.[1] Dkt. No. 12 at 69–70. A few months later, law enforcement officers encountered Singh operating a commercial truck in West Texas. Dkt. No. 11 at 4. He was arrested and detained without bond by DHS. *Id.*

Singh did not challenge ICE's custody determination—including its decision that he must be detained without bond—before an immigration judge. Dkt. No. 11 at 4. But doing so would be futile in light of the Board of Immigration Appeals' opinion in *Matter of Yajure Hurtado*, holding that aliens present in the United States without admission must be

---

[1] Singh is hardly the first illegal alien to do so. Around the same time Singh was arrested in Texas, a four-day U.S. Border Patrol operation in western New York apprehended 30 illegal aliens, each of whom possessed a valid state-issued CDL. *See* https://www.cbp.gov/newsroom/local-media-release/us-border-patrol-led-operation-nets-37-illegal-aliens-arrested-along.

detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025).[2]

Instead, Singh filed a petition for a writ of habeas corpus. Dkt. No. 1. The following day, the Fifth Circuit issued its opinion in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 166 F.4th at 498. There, the Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026)).

The Court, noting other deficiencies in the petition, ordered Singh's counsel to file an amended petition and to address *Buenrostro-Mendez* in his reply brief. Dkt. No. 4. Singh filed the amended petition, which states two claims for relief. Dkt. No. 6. First, Singh

---

[2] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief. ___ F. Supp. 3d ___, No. 1:25-CV-226, 2025 WL 3683918, at *10–14 (N.D. Tex. Dec. 19, 2025). After hearing oral argument on the issue, the Ninth Circuit issued a stay pending appeal of the Central District's class-certification order, final judgment, and post-judgment vacatur of *Yajure Hurtado* on March 31, 2026. *See Maldonado Bautista v. EOIR*, Nos. 25-7958 & 26-1044, Dkt. No. 17 at 4 (9th Cir. March 31, 2026). *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). Thus, Singh's petition does not present an exhaustion problem. *Id.*

alleges that his detention without bond violates his due process rights. *Id.* ¶¶ 41–52. Second, Singh contends that his detention without bond violates the INA. *Id.* ¶¶ 53–58.

The Court ordered the respondents to show cause why Singh's petition should not be granted. Dkt. No. 5; *see* 28 U.S.C. § 2243. The respondents timely answered (Dkt. Nos. 11; 12), and Singh filed a reply brief (Dkt. No. 13). Currently, Singh is detained at the Bluebonnet Detention Center. Dkt. No. 1-7.

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## 3.    Analysis

As noted above, Singh raises two claims in his amended habeas petition—one involving Sections 1225 and 1226 of the INA, and another based on the Fifth Amendment's Due Process Clause. Dkt. No. 6 ¶¶ 41–58. As explained below, *Buenrostro-Mendez* forecloses Singh's statutory claim. Thus, the only claim left for consideration is Singh's due process claim. The Court has considered whether the Due Process Clause entitles illegal

aliens to individualized bond hearings in numerous prior cases.[3] Even so, the Court considers the arguments raised in Singh's briefing to address whether bond-less detention of aliens present in the United States violates the Constitution. The answer is no.

### A.    *Buenrostro-Mendez* forecloses Singh's INA claim.

Singh concedes that *Buenrostro-Mendez* forecloses his statutory claim. Dkt. No. 13 at 4. That is correct. Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Singh is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F.4th at 498. Thus, Singh's INA claim fails.[4]

### B.    The Due Process Clause does not entitle Singh to habeas relief.

Next is Singh's claim that the government's decision to detain him violates the Due Process Clause of the Fifth Amendment. Dkt. No. 6 ¶¶ 41–52. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Singh's arguments. He argues that he "has a fundamental interest in liberty and being free from official restraint," and that his detention "lacks both statutory authorization and an individualized, purpose-based

---

[3] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 2026 WL 81679; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

[4] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.3.

justification." *Id.* ¶¶ 43, 49. His claim sounds in both procedural and substantive due process. *See id.* ¶¶ 44–45. But either way, he is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings."

*Id.* at 526. Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

A procedural due process claim fares no better. As an "applicant for admission," Singh has "only those rights regarding admission that Congress has provided by statute." *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Singh is not entitled to a bond hearing as a matter of procedural due process.

**4.    Conclusion**

In short, Singh, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. And the Due Process Clause does not entitle him to habeas relief in these circumstances. Thus, the amended petition for a writ of habeas corpus (Dkt. No. 6) is denied.[5]

---

[5] Counsel's application for admission pro hac vice (Dkt. No. 3) is denied as moot and for failure to attach the required letter of good standing. This is not Counsel's first filing mistake in this case. *See* Dkt. No. 4. Therefore, Counsel is advised to more carefully review the attached documents in future filings.

So ordered on April 13, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE